UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____

KURT VALENTI,
: 
: Civil Action No. 08-1609(KSH)
      Plaintiff,
:
v.
:ORDER ON INFORMAL APPLICATION &
:AMENDED PRETRIAL SCHEDULING
:ORDER

JOSEPH ABATE, JR., ET AL.,
:
      Defendants
:
_____:

**THIS MATTER** having come before the Court by way of letters of counsel concerning the scheduling of depositions; and the Court having convened a telephone conference on the record on November 19, 2008; and the Court having considered the arguments and representations of the parties; and the Court having directed counsel to provide dates on which they are able to conduct the depositions in this case; and the plaintiff requesting an extension of the expert discovery deadlines; and for the reasons discussed on the record on November 19, 2008; and for good cause shown,

    **IT IS on this 19th day of November, 2008,**

    **ORDERED THAT:**

    1. The request to extend the expert discover deadlines is granted as set forth herein;

    2. The following dates shall be deemed court-order dates for depositions in this case: **December 2, 15, and 29, 2008 and January 8, 12, and 14, 2009.** Counsel shall confer and schedule witnesses to appear on these dates. Nothing herein precludes counsel for selecting additional dates to convene depositions within the fact discovery period as their schedule permits**.**

    **IT IS FURTHER ORDERED THAT:**

### I.  COURT DATES

    1. There shall be a telephone status conference before the undersigned on **TO BE SET IF REQUESTED.** Plaintiff shall initiate the telephone call.

    2. There will be a settlement conference before the Undersigned on **November 24, 2008 at 11:00 a.m.** Trial Counsel and clients with full settlement authority must attend the

conference.  If the trial counsel **and** client with full settlement authority do not appear, the settlement conference may be cancelled or rescheduled and the noncompliant party and/or attorney may be sanctioned, which may include an assessment of the costs and expenses incurred by those parties who appeared as directed.

      3.      A final pretrial conference shall be conducted pursuant to Fed. R. Civ. P. 16(d) on **March 31, 2009 at 1:00 p.m.**  The Final Pretrial Conference will occur even if there are dispositive motions pending.  The Court will adjourn the Final Pretrial conference only if the requesting party makes a compelling showing that manifest injustice would otherwise result absent adjournment.

## II.  DISCOVERY AND MOTION PRACTICE

      4.      Fed. R. Civ. P. 26 disclosures are to be exchanged on or before **completed.**

      5.      Discovery necessary to engage in meaningful settlement discussions: **none.**

      6.      The parties may serve interrogatories limited  to 25 single questions including subparts and requests for production of documents on or before **deadline passed,** which shall be responded to no later than **deadline passed.**

      7.      The number of depositions to be taken by each side shall not exceed **10**.  No objections to questions posed at depositions shall be made other than as to lack of foundation, form or privilege.  See Fed. R. Civ. P. 32(d) (3) (A).  No instruction not to answer shall be given unless a privilege is implicated.  The depositions shall be completed no later than **January 31, 2009**.

      8.      Fact discovery is to remain open through **January 31, 2009.**  No discovery is to be issued or engaged in beyond that date, except upon application and for good cause shown.

      9.      Counsel shall confer in a good  faith attempt to informally resolve any discovery disputes before seeking the Court's intervention.  Should such informal effort  fail to resolve the dispute, the matter shall be brought to the Court's attention via joint letter that sets forth: (a) the request, (b) the response; © efforts to resolve the dispute; (d) why the complaining party believes the information is relevant and why the responding party's response continues to be deficient; and (e) why the responding party believes the response is sufficient.  No further submissions regarding the dispute may be submitted without leave of Court.  If necessary, the Court will thereafter schedule a telephone conference to resolve the dispute.

      No discovery motion or motion for sanctions for failure to provide discovery shall be made before utilizing the procedures set forth in these paragraphs without prior leave of Court.

      Any unresolved discovery disputes (other than those that arise during depositions) must be brought before the Court no later than **deadline passed** and the Court will not entertain applications concerning discovery matters, informally or otherwise, after this date.

      10.      Any motion to amend pleadings or join parties must be filed by **deadline passed.**

11    All dispositive motions shall be discussed in advance of filing with the undersigned either in person or by teleconference.

If leave is granted to file a summary judgment motion, the following protocol shall apply:

a. Each motion for summary judgment shall be supported by a <u>separate</u>, short, and concise statement of material facts, set forth in numbered paragraphs, as to which the moving party contends there is no genuine issue of material fact to be tried. Each fact asserted in the statement shall be supported by a record citation. A "record citation" is a citation to a specific page or paragraph of identified record material supporting the assertion.

b. Each response in opposition shall be accompanied by a <u>separate</u>, short, and concise statement of material facts. The opposing statement shall admit, deny or qualify the facts by reference to each numbered paragraph of the moving party's statement of material facts and unless a fact is admitted, shall support each denial or qualification by a record citation. The opposing statement may contain in a separate section additional facts, set forth in separate numbered paragraphs and supported by a record citation.

c. In the event a party seeks to submit a reply, the party shall file a formal request for permission to do so within the time period provided by Local Rule, attaching the proposed reply. Accompanying the proposed reply shall be a <u>separate</u>, short, and concise statement of material facts <u>which shall be limited to any additional facts submitted by the opposing party.</u> The reply statement shall admit, deny or qualify such additional facts by reference to the numbered paragraphs of the opposing party's statement of material facts, and unless a fact is admitted, shall support each denial or qualification by a record citation.

d. Facts contained in a supporting or opposing statement of material facts, if supported by record citations, shall be deemed admitted unless properly controverted. The Court may disregard any statement of fact not supported by a specific citation to record material properly considered on summary judgment. The Court shall have no independent duty to search or consider any part of the record not specifically referenced in the parties' separate statement of facts.

e. Local Rules governing electronic filing and length, font-size, and format of moving, opposing and reply briefs shall continue to apply as appropriate. Parties shall provide the Court with two hard copies of all submissions by delivering same to the Clerk's Office, Attention Judge Katharine Hayden.

### III.  EXPERTS

12.    All affirmative expert reports shall be delivered by **February 2, 2009.**

13.    All responding expert reports shall be delivered by **March 2, 2009**.

14.    a. All expert reports are to be in the form and content as required by Fed. R. Civ. P. 26(a) (2)(B). No expert shall testify at trial as to any opinions or base those opinions on facts not substantially disclosed in the experts report.

b. All expert depositions shall be completed by **March 16, 2009**.

## IV.  FINAL PRETRIAL CONFERENCE

15. A final pretrial conference shall be conducted pursuant to Fed. R. Civ. P. 16(d) on **March 31, 2009 at 1:00 p.m**.  The Final Pretrial Conference will occur even if there are dispositive motions pending.   The Court will adjourn the Final Pretrial conference only if the requesting party makes a compelling showing that manifest injustice would otherwise result absent adjournment.

16. Not later than **20 working days**  before the pretrial conference, the parties shall exchange copies of all proposed trial exhibits.  Each exhibit shall be pre-marked with an exhibit number conforming to the party's exhibit list.

17. All counsel are directed to assemble at the office of Plaintiff's counsel not later than **ten (10) days** before the pretrial conference to prepare the proposed Joint Final Pretrial Order in the form and content required by the Court.  Plaintiff's counsel shall prepare the Joint Pretrial Order and shall submit it to all other counsel for approval and execution.

18. With respect to non-jury trials, each party shall submit to the District Judge and to opposing counsel proposed Findings of Fact and Conclusions of Law, trial briefs and any hypothetical questions to be put to an expert witness on direct examination.

19. The original joint proposed final pretrial order shall be delivered to the CHAMBERS of the Undersigned no later than **March 24, 2009 at 4:00 p.m.**  All counsel are responsible for the timely submission of the Order.

20. The Court expects to engage in meaningful settlement discussions at the final pretrial conference.  Therefore, trial counsel who actually has full settlement authority must attend the conference and clients or other persons with full settlement authority must be available by telephone.

## V.  MISCELLANEOUS

21. The Court may from time to time schedule conferences as may be required, either sua sponte or at the request of a party.

22. Since all dates set forth herein are established with the assistance and knowledge of counsel, there will be no extensions except for good cause shown and by leave of Court, even with consent of all counsel.

23. A copy of every pleading, document or written communication with the Court shall be served on all other parties to the action.  Any such communication which does not recite or contain a certification of such service may be disregarded by the Court.

24. Communications to the Court by facsimile will not be accepted.  All communications to the Court shall be in writing or by telephone conference.

25. **FAILURE TO COMPLY WITH THE TERMS OF THIS ORDER   MAY RESULT IN SANCTIONS.**

                              s/Patty Shwartz
                              **UNITED STATES MAGISTRATE JUDGE**

5